IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES LAWRENCE SICARD**,

      Plaintiff,

vs.                                                                                  **Civ. No. 11-146 JCH/RHS**

**UNITED STATES POST OFFICE;**
**CATHERINE RODRIGUEZ, POSTMASTER**,

      Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff James Lawrence Sicard's

motion to proceed *in forma pauperis* ["IFP"], filed February 14, 2011, *see* Doc. 2, and on the

Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§

1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the

case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as

determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief

may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."

§ 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial

inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument

on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the

Court determines that "the allegation of poverty is untrue," or that a complaint filed without the

prepayment of filing fees fails to state a cognizable claim, it must dismiss the case. *See* §

1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that

dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if

a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs .

. . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Sicard, who is 43 and single with no dependents, states that he earns $550-$650/month working for "various film production offices." Doc. 2 at 2.  He improperly left blank the lines in which he was supposed to report how much money he has in cash and bank accounts.  *See id.*  He swears that his monthly expenses for food, housing, and utilities is "0.00" and that he owns no assets other than personal possessions and has no debt.  *Id.* at 3, 5.  Sicard's allegation of poverty is, therefore, untrue.  He has not shown that he cannot pay both for the filing fees and for the necessities of life, and his motion to proceed IFP must be denied and the Complaint must be dismissed.  *See* § 1915(e)(2)(A); *Trujillo v. Williams*, 465 F.3d at 1217 n. 5.

Even if Sicard could show that he cannot pay filing fees, the Court would deny permission to proceed IFP and dismiss his Complaint.  Sicard is suing the U.S. Post Office and the Postmaster General because the post office refused to pay his insurance claim on a chainsaw that he mailed to a recipient who told Sicard that she did not receive it.  *See* Complaint at 2.  The Post Office told Sicard that its records indicated that it had been delivered to the address on the package.  *See id.*  The post office denied Sicard's insurance claim and also denied his appeal.  *See id.* at 5.  Sicard states that "the postmaster had no direct involvement yet is in charge."  *Id.*  at 3.  Sicard sues for the insurance amount of $200, shipping costs of $23.97, court costs, $600 in punitive damages, and $300 in pain and suffering.  *Id.*  at 5.

 "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Sicard filed his Complaint using a form complaint for cases brought under 42 U.S.C. § 1983 and alleges jurisdiction solely under that statute and 28 U.S.C. § 1343(c).  *See* Complaint at 1-2.

But § 1983 does not apply to the federal government, its agencies, or its employees or officers acting in their official capacities.  *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, \*\*2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983"); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (noting that sovereign immunity generally precludes damage claims against the United States government).

To sue the United States because of alleged wrongdoing by one of its agencies or employees, Sicard must "find and prove an explicit waiver of sovereign immunity" in an applicable statute, and the "sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute."  *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992).  "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain suit."  *Id.*  It is settled law that "the Postal Service enjoys federal sovereign immunity absent a waiver."  *Dolan v. United States Postal Serv*., 546 U.S. 481, 484 (2006).  Sicard has not supplied any federal statute that waives that immunity against a suit for damages arising from the negligent loss of a mailed package or the denial of an insurance claim related to that loss, but the allegations in his Complaint and requested relief indicate that he is suing under tort law.

> Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' " *Flamingo Industries*, *supra*, at 741, 124 S. Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).
>
> The FTCA, in turn, waives sovereign immunity in two different sections of the United States Code. The first confers federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment. . . . .
>
> The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all).  If one of the exceptions applies, the bar of sovereign immunity

3

remains.  The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680, and the relevant subsection for our purposes, pertaining to postal operations, is § 2680(b).  It states:

> "The provisions of this chapter and section 1346(b) of this title shall not apply to ... [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."
>
> As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception.

*Dolan*, 546 U.S. at 484-85.  Because Sicard's claim arises out of the loss or negligent transmission of his mailed package, even if the Court were to give Sicard an opportunity to amend his Complaint to attempt to establish a waiver of sovereign immunity, it has not been waived for Sicard's claim *Cf. Georgacarakos v. United States*,  420 F.3d 1185, 1186-88 (10th Cir. 2005) (affirming dismissal of suit brought under the Federal Tort Claims Act against Post Office for lack of subject-matter jurisdiction because the claim for books lost during the mailing process was "within the postal-matter exception to the Federal Tort Claims Act.  Each claim is thus barred by the United States' sovereign immunity.").  Sicard has failed to invoke the subject-matter jurisdiction of this Court, and his case must be dismissed.  *See* FED. R. CIV. P.  12(h)(3) (providing that a federal court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction"); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

**IT IS ORDERED** that Sicard's motion to proceed IFP [Doc.  2] is DENIED and his case

is DISMISSED without prejudice for lack of subject-matter jurisdiction.

 

 

**UNITED STATES DISTRICT JUDGE**